USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MEDLINK LEGAL SYSTEMS LLC,

                     Plaintiff,

      -against-

BUKO LLC; RASHMI BUDHRAM AND LISA
KORNMAN AVILA, individually; and DOES 1-
10

                     Defendants.
------------------------------------------------------------- X

20-CV-4293 (VEC)

MEMORANDUM
OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

      Due to a medical gown procurement deal gone awry, Plaintiff Medlink Legal Systems LLC ("Medlink") commenced this action for damages and moved to freeze Defendants' assets pending trial. Pl.'s Br. (Dkt. 8) at 1. Because subject-matter jurisdiction hinges on complete diversity between the parties, Compl. (Dkt. 1) ¶ 5, the Court inquired into Medlink's membership. Order to Show Cause I (Dkt. 12); *see Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("[A] limited liability company . . . takes the citizenship of each of its members."). Plaintiff then revealed two facts that would destroy complete diversity—Medlink's membership includes Samuel Benjamin, who resides in New York, and Avigail Diverioli, who resides in Florida—because the Defendants are also citizens of either New York or Florida. *See* Benjamin Decl. II (Dkt. 14). After the Court ordered Medlink to show cause why the case should not be immediately dismissed for lack of subject-matter jurisdiction, Order to Show Cause II (Dkt. 19), Plaintiff recanted, claiming that the

jurisdictional allegations in the Benjamin declaration were completely erroneous.[1] *See* Benjamin Decl. III (Dkt. 21); Diverioli Decl. (Dkt. 22). As detailed below, because Plaintiff has failed to carry its burden of establishing subject-matter jurisdiction, the case is dismissed.

Medlink bears the burden of demonstrating that this Court has subject matter jurisdiction over the dispute. *Shenandoah v. Halbritter*, 366 F.3d 89, 91 (2d Cir. 2004) ("A party seeking to invoke the subject matter jurisdiction of a Court has the burden of demonstrating that there is subject matter jurisdiction."). "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). "An individual's citizenship, within the meaning of the diversity statute, is determined by [her] domicile," which is "the place where a person has [her] true fixed home and principal establishment, and to which, whenever [she] is absent, [she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation omitted). The "party alleging that there has been a change of domicile has the burden of proving the required intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality, and must prove those facts by clear and convincing evidence." *Id.* (cleaned up); *see also Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 56 n.3 (2d Cir. 2019) ("As a general matter, Plaintiffs must prove complete diversity by a preponderance of the evidence, but a change in domicile by clear and convincing evidence.").

According to Medlink's latest telling, Samuel Benjamin erroneously believed that he was a member of Medlink, when, in fact, he is a non-member manager whose compensation is

---

[1] Plaintiff does not appear to dispute that Defendants Buko LLC and Rashmi Budhram have New York citizenship, and that the remaining Defendant, Lisa Avila, is a Florida domiciliary. *See* Benjamin Decl. III (Dkt. 21); Diverioli Decl. (Dkt. 22).

determined by a profit-sharing agreement.  Benjamin Decl. III ¶ 4.  Mr. Benjamin, who is an attorney himself, claims that, when Plaintiff's counsel inquired about the membership of Medlink, he failed to recognize that "membership" in a limited liability company is a term of art. *See id.* ¶ 4 & Ex. 1 (Samuel Benjamin signing email as "Partner" at "The Law Office of Samuel A. Benjamin, Esq. LLC").  Mr. Benjamin submitted emails between himself and a non-party, Efraim Diverioli, who allegedly agreed to Mr. Benjamin's terms of compensation while acting as a manager of a non-party LLC that was serving as an agent for Medlink.  *Id.*  To further support Plaintiff's new position that Mr. Benjamin is not a member, Avigail Diverioli submitted a declaration claiming to be the sole member of Medlink, Diverioli Decl. ¶ 1; no LLC membership certificate or other supporting document has been provided.

Medlink also tries to explain away Mr. Benjamin's previous affirmation that Ms. Diverioli resided in Florida.  Mr. Benjamin, reportedly, mistakenly *assumed* that Ms. Diverioli still resided in Florida, when, in fact, she had moved to California in 2019.  *Id.* ¶¶ 3–4.  The explanation that Mr. Benjamin, who serves as Medlink's manager, was clueless as to the whereabouts of the entity's sole owner raises more questions than it answers.  Further compounding this highly suspect assertion, Plaintiff admits that Medlink's attorney, like Mr. Benjamin, believed Ms. Diverioli's residence to be in Florida and filed a corporate statement to that effect in 2020.  *Id.* ¶ 5.

To prove her California citizenship, Ms. Diverioli submitted bank statements and medical correspondence showing two different mailing addresses in Los Angeles, with no explanation of why she has two addresses.  *See id.*, Ex. A.  There is no mention of the status of her Florida residence, and the Court cannot ascertain whether she currently owns real property in Florida or whether her supposed residences in Los Angeles are rented or owned.  Plaintiff also failed to

provide evidence of any relocation in 2019, such as a change-of-address request to the Postal Service or moving expenses. Nor did Plaintiff submit any official records, such as a copy of Ms. Diverioli's driver's license, tax return, or voter registration, that would suggest a permanent move.

Plaintiff's response to the Court's order to show cause falls well short of establishing Ms. Diverioli's change of domicile. At best, Ms. Diverioli's declaration demonstrates that she maintains multiple residences, including two in Los Angeles, where she spends some months of the year. There is zero evidence, however, of any intent to abandon her residence in Florida or to remain in California indefinitely, which could have been shown by evidence that she used a California address for electoral, tax, or vehicular purposes. *See Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 164 (2d Cir. 1966) ("There is no evidence at all as to where he voted and paid taxes, or about his social contacts, nor any contemporaneous statements as to his intent."). Indeed, Ms. Diverioli's declaration does not even contain a conclusory allegation of an intent to remain in California. Furthermore, the supposedly erroneous belief by Mr. Benjamin and Medlink's attorney that she continued to reside in Florida suggests either that Ms. Diverioli did not move to California on a permanent basis or that she is not in fact the sole owner of the business. In short, Plaintiff's attempt to show a change of domicile is neither clear nor convincing.

Based on this factual record, the Court does not find Plaintiff's contention that Mr. Benjamin misspoke when he originally averred that he is a member of Medlink to be credible. Mr. Benjamin is an attorney who purports to practice law as an LLC. It would be shocking if he, as a member of his own LLC and a purported manager of Medlink (another LLC), lacked even the most elementary understanding of his own financial interests or an LLC's basic structure.

Although the Court might ordinarily accept a party's declaration as to its membership at this stage, the failure to provide supporting documentation as to Plaintiff's membership is fatal when its credibility has been eviscerated by its own blatantly inconsistent representations to the Court. *See Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.*, 254 F. Supp. 3d 584, 591 (S.D.N.Y. 2017) (holding that unsupported, "incredible, self-contradictory, implausible, and evasive" testimony did not establish preponderance of the evidence), *aff'd*, 738 F. App'x 722 (2d Cir. 2018). Plaintiff's implausible retraction, which is also not accompanied by any mention of the legal standard, does not establish by a preponderance of the evidence that Medlink lacks a New York member.[2]

In sum, the Court finds that Plaintiff has failed to establish complete diversity; there is insufficient evidence that Ms. Diverioli is a California domiciliary, and there is insufficient evidence that Mr. Benjamin, a New York domiciliary, is not a member of Medlink.[3] The case is therefore dismissed without prejudice for lack of subject-matter jurisdiction. The Clerk of Court is respectfully directed to terminate all pending motions and deadlines and close the case.

**SO ORDERED.**

Date:  June 17, 2020  
       New York, New York

_____  
**VALERIE CAPRONI**  
**United States District Judge**

---

[2] The Court further notes that Plaintiff has not filed an amended complaint with revised jurisdictional allegations, even though Plaintiff may amend as a matter of course within 21 days of service of the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. The current complaint, which is devoid of any meaningful membership information, cannot withstand a facial jurisdictional challenge. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). Plaintiff's failure to provide plausible evidence of complete diversity in response to the Court's order to show cause demonstrates that any amendment would be futile and unnecessary.

[3] Because the Court concludes that it lacks subject-matter jurisdiction, the Court does not address whether Plaintiff could be entitled to equitable relief freezing Defendants' assets in a contract action seeking monetary damages. *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 130 (2d Cir. 2014) ("[T]he Supreme Court held that a district court 'had no authority' pursuant to Rule 65 of the Federal Rules of Civil Procedure 'to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication of [a] contract claim for money damages.'" (quoting *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999))).